# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41111
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERMIN SERRANO-ESTRADA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-511

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Fermin Serrano-Estrada pleaded guilty, pursuant to a written plea agreement, to conspiracy to harbor aliens in the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(A)(iii), and (a)(1)(B)(i). The district court sentenced Serrano-Estrada to 27 months of imprisonment.

Serrano-Estrada contends that the district court erred in denying his request for a minor-role adjustment under U.S.S.G. § 3B1.2(b). That section

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provides for a two-level reduction "[i]f the defendant was a minor participant in [the] criminal activity." § 3B1.2(b).  Whether Serrano-Estrada was a minor participant is a factual determination that is reviewed for clear error.  *See United States v. Alaniz*, 726 F.3d 586, 626 (5th Cir. 2013).

The record reflects that Serrano-Estrada was recruited by "Chacon," an unindicted co-conspirator from Mexico, to transport six undocumented aliens in exchange for $50 per alien.  Serrano-Estrada, in turn, recruited co-defendant Leticia Rodriguez for the purposes of harboring and concealing the undocumented aliens at her home.  It is undisputed that Serrano-Estrada transported the six undocumented aliens in his vehicle for the purpose of commercial advantage and private gain.  As the driver, Serrano-Estrada's role was central to the transportation of the undocumented aliens and "coextensive with the conduct for which he was held accountable."  *United States v. Garcia,* 242 F.3d 593, 598-99 (5th Cir. 2001).  The district court did not clearly err in rejecting Serrano-Estrada's request for a minor-role adjustment under § 3B1.2(b).

Next, Serrano-Estrada asserts that his criminal history category is "over represented or inadequate," but he does not present any factual or legal basis for his claim.  "A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it."  *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) (citation omitted).

Finally, Serrano-Estrada challenges the district court's imposition of the $100 special assessment provided by 18 U.S.C. § 3013.  He argues that "this is unconstitutional and is based on no evidence."  Such a claim is foreclosed by *United States v. Munoz-Flores*, 495 U.S. 385, 401 (1990).

For the foregoing reasons, we AFFIRM.